UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
TODD BIGELOW,                       )
                                    )
            Plaintiff,              )
                                    )
      v.                            )          Civil Action No. 17-1975 (PLF)
                                    )
TOM GARRETT and TOM GARRETT         )
FOR CONGRESS,                       )
            Defendants.             )
_____)


                        OPINION

         Currently before the Court are two motions concerning the exercise of personal

jurisdiction over defendants Tom Garrett and Tom Garrett for Congress.[1]  The first is

defendants' Motion [Dkt. No. 6] to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule

12(b)(2) of the Federal Rules of Civil Procedure, or in the Alternative, to Transfer Venue to the

United States District Court for the Western District of Virginia Pursuant to 28 U.S.C. § 1404(a).

The second is plaintiff Todd Bigelow's Motion [Dkt. No. 8] to Disqualify Christopher M.

Woodfin as Counsel for Defendants, Stay Defendants' Motion to Dismiss or Transfer, and Order

_____

[1]    The papers considered in connection with the defendants' motion include:
defendants' motion to dismiss or transfer [Dkt. No. 6]; defendants' memorandum in support of
their motion to dismiss or transfer ("MTD") [Dkt. No. 7] and accompanying declaration
("Woodfin Decl.") [Dkt. No. 7-1]; plaintiff's opposition ("MTD Opp.") [Dkt. No. 11] and
accompanying declaration ("Norwick Decl.") [Dkt. No. 11-1]; and defendants' reply ("MTD
Reply") [Dkt. No. 12].  The papers considered in connection with the plaintiff's motion include:
plaintiff's motion to disqualify Mr. Woodfin, stay defendants' motion to dismiss or transfer, and
order jurisdictional discovery [Dkt. No. 8]; plaintiff's memorandum in support of his motion
("Stay Mot.") [Dkt. No. 8-1] and accompanying declaration ("Norwick Stay Decl.") [Dkt. No. 8-
2]; and defendants' opposition ("Stay Opp.") [Dkt. No. 10].  Mr. Bigelow did not submit a reply
in support of his motion.

Jurisdictional Discovery.  Upon consideration of the parties' papers, the relevant legal

authorities, and the entire record in this case, the Court will grant the defendants' motion to

dismiss or transfer.  The Court concludes that it lacks personal jurisdiction over the defendants

and that the interest of justice will be served by transferring the action to the United States

District Court for the Western District of Virginia.  As to Mr. Bigelow's motion to disqualify,

stay defendants' motion to dismiss or transfer, and order jurisdictional discovery, the Court will

deny the motion without prejudice to his filing a motion after transfer seeking to disqualify Mr.

Woodfin or requesting jurisdictional discovery.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Todd Bigelow, a professional photographer and resident of California, owns the

copyright for a photograph depicting individuals climbing a border fence.  Complaint ¶¶ 1, 5-6.

According to Mr. Bigelow, defendants Tom Garrett and his campaign committee, Tom Garrett

for Congress (the "Committee"), used the photograph without permission to advertise Mr.

Garrett's 2016 congressional campaign.  Id. ¶ 6.  Mr. Bigelow asserts that the defendants' actions

constitute willful copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et

seq.  Id. ¶¶ 8-10.

Mr. Garrett is a resident of Buckingham, Virginia and a sitting member of the

U.S. House of Representatives representing the Fifth Congressional District of Virginia.  MTD at

2.  The Committee is registered in Virginia and has its principal place of business in

Ruckersville, Virginia.  Id. at 2, 8.  It was organized with the Federal Election Commission in

January 2016 to support Mr. Garrett's campaign and reach voters in Mr. Garrett's District.  Id. at

2-3.  Between January and September 2016, the Committee operated primarily in Ruckersville

and Buckingham, Virginia, and maintained offices in various other locations in Virginia.  Id. at

3.  The Committee did not maintain offices or employ individuals in the District of Columbia.
Id. at 3, 8; Woodfin Decl. ¶¶ 4-8.

Mr. Garrett and the Committee move to dismiss this action for lack of personal jurisdiction, arguing that they have insufficient contacts with the District of Columbia to support jurisdiction.  In the alternative, they request that the Court transfer this action to the United States District Court for the Western District of Virginia.  MTD at 1.  Mr. Bigelow opposes the motion. MTD Opp. at 1-2.  He also moves separately to disqualify Mr. Woodfin as counsel for defendants, stay defendants' motion to dismiss or transfer, and order jurisdictional discovery. Stay Mot. at 1.  According to Mr. Bigelow, Mr. Woodfin should be disqualified under Rule 3.7 of the District of Columbia Rules of Professional Conduct because he is the Treasurer of the Committee and may be called to testify at trial.  Id. at 1-3.[2]  Mr. Bigelow also requests jurisdictional discovery to "further tie defendants to the District of Columbia and this Court." Stay Mot. at 7; see id. at 4-8.  In addition, Mr. Bigelow asks the Court to stay defendants' motion to dismiss or transfer pending disposition of both his motion to disqualify and request for jurisdictional discovery.  Id. at 4.

## II.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants assert that they are not subject to personal jurisdiction in the District of Columbia and that the complaint therefore should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  The plaintiff bears the burden of making a prima facie

---

[2]    Defendants have obtained co-counsel to appear alongside Mr. Woodfin in this matter, likely alleviating the need for disqualification at this stage.  See Ambush v. Engelberg, No. 15-cv-1237, 2017 WL 4541344, at *5 (D.D.C. Oct. 10, 2017) (denying as premature plaintiff's motion to disqualify defense counsel at the pretrial stage based on the likelihood that he would serve as a witness at trial).

showing that the Court has personal jurisdiction over the defendant.  Mwani v. bin Laden, 417

F.3d 1, 7 (D.C. Cir. 2005); First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378-79

(D.C. Cir. 1988).  To meet this burden, the plaintiff "must provide sufficient factual allegations,

apart from mere conclusory assertions, to support the exercise of personal jurisdiction over the

defendant."  Howe v. Embassy of Italy, 68 F. Supp. 3d 26, 29 (D.D.C. 2014); see also First

Chicago Int'l v. United Exch. Co., 836 F.2d at 1378 ("Conclusory statements . . . [do] not

constitute the prima facie showing necessary to carry the burden of establishing personal

jurisdiction . . . .") (internal quotation marks and citation omitted).  The Court need not accept

the plaintiff's allegations as true and "may receive and weigh affidavits and other relevant

matter[s] to assist in determining the jurisdictional facts."  Jung v. Ass'n of Am. Med. Colls., 300

F. Supp. 2d 119, 127 (D.D.C. 2004) (citation omitted).  All factual discrepancies, however, must

be resolved in the plaintiff's favor.  Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C.

Cir. 1990); see Frost v. Catholic Univ. of Am., 960 F. Supp. 2d 226, 231 (D.D.C. 2013), aff'd

555 F. App'x 6 (D.C. Cir. 2014).

        Courts may exercise either general or specific personal jurisdiction.  General

jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection

unrelated to the underlying suit," whereas specific jurisdiction requires an "affiliation between

the forum and the underlying controversy."  Livnat v. Palestinian Auth., 851 F.3d 45, 56 (D.C.

Cir. 2017) (citation omitted).  As the Supreme Court put it in the context of jurisdiction over

corporations:

        A court may assert general jurisdiction over foreign (sister-state or foreign-
        country) corporations to hear any and all claims against them when their
        affiliations with the State are so "continuous and systematic" as to render
        them essentially at home in the forum State. . . . Specific jurisdiction, on the
        other hand, depends on an "affiliatio[n] between the forum and the

underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. . . . In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction."

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citations omitted); see also Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 924.

Mr. Bigelow makes the same core allegations to support the exercise of both general and specific jurisdiction over both defendants in the District of Columbia: (i) the Committee was created to support Mr. Garrett's campaign and Mr. Garrett was responsible for its activities; (ii) defendants paid one-third of their total campaign expenditures to persons and entities within the District of Columbia for media advertising, fundraising, and direct mail services; (iii) defendants solicited and received at least $5,700 from persons and entities in the District; (iv) defendants registered with the Federal Election Commission based in the District; (v) defendants displayed Mr. Bigelow's photograph in advertisements on their website, other websites including Facebook and YouTube, and in at least one "email blast"; and (vi) defendants had professional relationships with the National Republican Congressional Committee and the Republican National Committee based in the District. MTD Opp. at 1-2; see Norwick Decl. ¶¶ 4-7; Stay Motion at 4-8; Norwick Stay Decl. ¶¶ 2-3. Mr. Bigelow also suggests that in light of the amount that the defendants paid to persons entities in the District of Columbia for advertising and fundraising, "it seems highly likely that defendants' extensive infringing uses of

plaintiff's copyrighted photo were actually created and disseminated by professionals based in the District of Columbia."  Norwick Decl. ¶ 7.

## A.  *General Jurisdiction*

D.C. Code § 13-334(a) authorizes general jurisdiction over a foreign corporation like the Committee when it is "doing business in the District."[3]  Section 13-334(a) is coextensive with the reach of constitutional due process.  FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1092 (D.C. Cir. 2008).  Consequently, for the Court to exercise general jurisdiction over the Committee, the Committee's affiliations with the District of Columbia must be so "continuous and systematic" as to render it "essentially at home" in the District.  Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d 237, 245 (D.D.C. 2015) (quoting Daimler AG v. Bauman, 134 S. Ct. at 754, 758 n.11); see also Alkanani v. Aegis Def. Servs., LLC, 976 F. Supp. 2d 13, 29 (D.D.C. 2014) (holding that a foreign corporation's contacts with the District must be "so extensive, so constant, and so prevalent" that they render it "essentially at home" in the District) (citation omitted).

The Court concludes that the Committee's alleged contacts with the District of Columbia are insufficient to establish that it was "doing business" in the District for purposes of Section 13-334(a).  As a preliminary matter, the Committee is considered "foreign" because it is not "domiciled in, organized under the laws of, or maintaining . . . its principal place of business in, the District of Columbia."  D.C. Code § 13-422.  Although Mr. Bigelow alleges "[u]pon

---

[3]    Although on its face Section 13-334(a) appears only to specify proper methods of service, the District of Columbia Court of Appeals has held that compliance with the statute gives rise to personal jurisdiction over a foreign corporation doing business in the District.  See Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 509-10 n.1 (D.C. Cir. 2002) (citing AMAF Int'l Corp. v. Ralston Purina Co., 428 A.2d 849, 850 (D.C. 1981) (per curiam)).

information and belief" that the Committee maintains its principal place of business in the

District of Columbia, Complaint ¶ 3, he appears to concede that the Committee is registered in

Virginia, operates in Virginia, was created to support Mr. Garrett's campaign for Virginia's Fifth

Congressional District, and does not maintain offices or employ individuals in the District of

Columbia.  See MTD Opp. at 1-5.

      Turning to the Committee's alleged actions taken in or directed toward the

District, the allegations do not establish a sufficiently extensive course of conduct to qualify as

"doing business" in the District.  The fact that the Committee received payments from donors in

the District, and made payments to persons and entities in the District for advertising and

fundraising, is not sufficient to confer general jurisdiction.  See, e.g., AGS Int'l Servs. S.A. v.

Newmont USA Ltd., 346 F. Supp. 2d 64, 75-77 (D.D.C. 2004) (concluding that a company with

a local office in the District, and that received funding from a bank based in the District and met

with District residents, was not "doing business" in this District under Section 13-334(a)),

abrogation on other grounds recognized by Estate of Klieman v. Palestinian Auth., 82 F. Supp.

3d at 242.  In addition, displaying Mr. Bigelow's photograph on various websites and in an

"email blast" is insufficient absent allegations that the websites were "interactive" and that

District residents used the website in a "continuous and systematic" way.  FC Inv. Grp. LC v.

IFX Mkts., Ltd., 529 F.3d at 1092 (holding that the maintenance of a website accessible in the

District is insufficient on its own under Section 13-334(a)); see also GTE New Media Servs. Inc.

v. BellSouth Corp., 199 F.3d 1343, 1349-50 (D.C. Cir. 2000).  Mr. Bigelow has alleged no such

facts here.

      As to the Committee's asserted relationships with the National Republican

Congressional Committee, the Republican National Committee, and other "professionals based

in the District of Columbia," it is established that merely maintaining professional relationships with persons and entities in the District is not sufficient to subject the Committee to general jurisdiction in the District. See Alkanani v. Aegis Def. Servs., LLC, 976 F. Supp. 2d at 35 (concluding that a corporation's contacts with the District of Columbia, including a website and contacts with non-government clients, were insufficient under Section 13-334(a)); see Nat'l Resident Matching Program v. Elec. Residency LLC, 720 F. Supp. 2d 92, 98 (D.D.C. 2010) (holding that "the fact that an out-of-forum defendant sends communications to a plaintiff who happens to be located in a particular forum does not, by itself, establish personal jurisdiction there").[4]

As to Mr. Garrett, Section 13-422 of the District of Columbia long-arm statute authorizes general jurisdiction over "a person domiciled in . . . or maintaining his . . . principal place of business in, the District of Columbia."  D.C. Code § 13-422; see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 919.  A defendant's contacts within the District under Section 13-422 must be "continuous and systematic" in order for the defendant to be forced to defend a suit arising out of any subject matter unrelated to the defendant's activities within the District.  Eggink v. Trump, 257 F. Supp. 3d 27, 29 (D.D.C. 2017).  Here, Mr. Bigelow concedes that Mr. Garrett is a resident of Virginia.  Complaint ¶ 2.  Because Mr. Garrett is not "domiciled" in the District for purposes of Section 13-422, Mr. Bigelow must establish that Mr. Garrett maintains his principal place of business in the District in order to satisfy Section 13-422. Mr. Bigelow has failed to make such a showing.

---

[4]    The fact that the Committee was organized with the Federal Election Commission based in the District does not, standing alone, provide jurisdiction here.  As described below, see infra at 9, the "government contacts" exception prevents Mr. Bigelow from basing personal jurisdiction on that fact.  See Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 45 (D.D.C. 2003).

Mr. Garrett's alleged contacts with the District of Columbia arising out of his employment as a member of Congress are exempted for personal jurisdiction purposes under the "government contacts" exception.  See, e.g., Islamic Am. Relief Agency v. Unidentified FBI Agents, 394 F. Supp. 2d 34, 58 (D.D.C. 2005) (holding that a Treasury Department employee was not subject to personal jurisdiction in the District of Columbia because it is "well-settled that this Court cannot assert jurisdiction over an individual defendant based on his actions taken pursuant to his employment") (citing Ali v. District of Columbia, 278 F.3d 1, 7 (D.C. Cir. 2002)); Sierra Club v. Tenn. Valley Auth., 905 F. Supp. 2d 356, 362-63 (D.D.C. 2012) (analyzing the government contacts exception in the context of general jurisdiction); Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994) (holding that the government contacts exception "precludes the assertion of personal jurisdiction over a nonresident whose only contacts with the District of Columbia are for purposes of dealing with a federal agency or Congress") (citation omitted).  Beyond that, Mr. Bigelow fails to identify any specific actions that Mr. Garrett took in or directed toward the District of Columbia during the campaign.[5]  Mr. Garrett's alleged contacts therefore are not sufficiently "continuous and systematic" to warrant the exercise of general jurisdiction under Section 13-422.

Because Mr. Bigelow's jurisdictional allegations are insufficient to show that the Committee was "doing business" or "essentially at home" in the District of Columbia under Section 13-334(a) or that Mr. Garrett is a domiciliary of or maintains his principal place of

---

[5]    Mr. Bigelow alleges that Mr. Garrett was responsible for the activities of the Committee, presumably to suggest that Mr. Garrett is subject to general jurisdiction to the same extent as the Committee.  MTD Opp. at 3.  The Court has already concluded, however, that the Committee is not subject to general jurisdiction in the District of Columbia.  See supra at 6-8.

business in the District under Section 13-422, the Court concludes that neither defendant is subject to general jurisdiction in the District of Columbia.

### B. Specific Jurisdiction

Where general jurisdiction is unavailable, a court nevertheless may hear a suit that arises out of or relates to the defendant's contacts with the forum. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. at 919. Acts sufficient to subject a non-resident defendant to specific personal jurisdiction resulting from conduct within the District of Columbia are determined by the due process clause and enumerated by the District of Columbia long-arm statute, D.C. Code § 13-423. See Forras v. Rauf, 812 F.3d 1102, 1105-06 (D.C. Cir. 2016); Nat'l Resident Matching Program v. Elec. Residency LLC, 720 F. Supp. 2d at 98 (citing Envtl. Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc., 355 A.2d 808, 810-11 (D.C. 1976) (en banc)). While the long-arm statute is interpreted broadly and factual disputes are resolved in favor of the plaintiff, the plaintiff must allege some specific facts evidencing purposeful activity by the defendants in the District of Columbia by which they invoked the benefits and protections of the laws of the District of Columbia. See Jung v. Ass'n of Am. Med. Colleges, 300 F. Supp. 2d at 128. In addition, because a court in the District of Columbia may exercise jurisdiction over a non-resident defendant "only [for] a claim for relief arising from acts enumerated in [Section 13-423] . . . ," D.C. Code § 13-423(b), the plaintiff's jurisdictional allegations must arise from the same conduct of which he complains. See Toumazou v. Turkish Republic of N. Cyprus, 71 F. Supp. 3d 7, 15 (D.D.C. 2014) ("Specific jurisdiction thus requires a nexus between a foreign corporation's particular contact with the District of Columbia and the claim that the plaintiff asserts.") (internal quotation marks and citation omitted), aff'd No. 14-7170, 2016 U.S. App. LEXIS 787 (D.C. Cir. 2016).

To support the Court's exercise of specific jurisdiction, Mr. Bigelow offers the same factual assertions as he does with respect to his general jurisdiction argument, see supra at 5-6, namely that the defendants solicited and received funds from donors in the District of Columbia, made payments to persons and entities in the District for advertising and fundraising, and maintained professional relationships with persons and entities in the District.  Mr. Bigelow asserts that the defendants are subject to specific jurisdiction under three separate provisions of the long-arm statute, D.C. Code §§ 13-423(a)(1), (a)(3), and (a)(4).  The Court will consider each provision in turn.

### 1.  D.C. Code § 13-423(a)(1)

Section 13-423(a)(1) of the District of Columbia long-arm statute provides that the Court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia. . . ."  D.C. Code § 13-423(a)(1).  To establish jurisdiction under this provision, the plaintiff must demonstrate that:  (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice."  Nat'l Resident Matching Program v. Elec. Residency LLC, 720 F. Supp. 2d at 98 (citation omitted).  Section 13-423(a)(1) permits the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause of the Constitution.  See Forras v. Rauf, 812 F.3d at 1106.

None of the activities identified by Mr. Bigelow as constituting business transacted by the defendants in the District of Columbia meets the requirements of Section 13-423(a)(1).  As stated previously, see supra at 9, to the extent that the allegations arise out of

Mr. Garrett's activities as a member of Congress, the government contacts exception precludes the assertion of personal jurisdiction over a non-resident whose only contacts with the District of Columbia are for purposes of dealing with a federal agency or Congress.  See Toumazou v. Turkish Republic of N. Cyprus, 71 F. Supp. 3d at 16.

Furthermore, Mr. Bigelow has not sufficiently connected his copyright infringement claim to the business activities that the defendants allegedly conducted within the District.  See D.C. Code § 13-423(b) (requiring that when jurisdiction is based on Section 13-423(a)(1), "only a claim for relief arising from acts enumerated in [that Section] may be asserted against the [defendant].").  Mr. Bigelow alleges that the defendants infringed his copyright by using his photograph in political advertisements without authorization.  Complaint at 1 and ¶¶ 5-7.  He fails to identify, however, what actions the defendants took in the District of Columbia that resulted in the alleged infringement.  Mr. Bigelow has alleged only that the defendants raised funds in the District and maintained professional relationships with "D.C.-based person[s] or entit[ies] . . . [who] participated in the alleged infringements . . . ." MTD Opp. at 4; see Norwick Decl. ¶ 3.  Mr. Bigelow does not explain how those funds and those relationships were used to create or disseminate Mr. Bigelow's photograph.  See Nat'l Resident Matching Program v. Elec. Residency LLC, 720 F. Supp. 2d at 99.  As to the displays of the photograph on various websites and in an "email blast," "the mere accessibility of a website in the District is insufficient to establish minimum contacts."  Toumazou v. Turkish Republic of N. Cyprus, 71 F. Supp. 3d at 17; see GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d at 1349-50.  Such vague and conclusory allegations do not suffice to demonstrate that the defendants are subject to personal jurisdiction in this forum.  See Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d at 45-46.

## 2.  D.C. Code § 13-423(a)(3)

Section 13-423(a)(3) of the District of Columbia long-arm statute permits the
Court to exercise specific jurisdiction over a person who causes "tortious injury in the District of
Columbia by an act or omission in the District of Columbia."  D.C. Code § 13-423(a)(3).  The
D.C. Circuit has found that copyright infringement cases sound in tort for purposes of the
long-arm statute.  See Costello Pub. Co. v. Rotelle, 670 F.2d 1035, 1043 (D.C. Cir. 1981)
(holding that "it is well established that a suit for [copyright] infringement is analogous to other
tort actions"); see also Shaheen v. Smith, 994 F. Supp. 2d 77, 82 n.1 (D.D.C. 2013).  For
purposes of Sections 13-423(a)(3) and (a)(4), the relevant "act or omission" is the "act [or
omission] of the alleged tortfeasor."  IMark Mktg. Servs., LLC v. Geoplast S.p.A., 753 F. Supp.
2d 141, 158-59 (D.D.C. 2010).  Section 13-423(a)(3) "confers jurisdiction only over a defendant
who commits an act in the District which causes an injury in the District, without regard to any
other contacts."  Forras v. Rauf, 812 F.3d at 1107 (emphasis in original; citation omitted).

Mr. Bigelow has not sufficiently alleged tortious acts or omissions undertaken in
the District of Columbia, or that such acts or omissions were connected to the alleged copyright
infringement for purposes of Section 13-423(a)(3).  As to Mr. Garrett, Mr. Bigelow fails to
identify any specific actions taken in or directed toward the District unrelated to his activities as
a member of Congress.  See supra at 9.  As to the Committee, the sole allegations relating to
actions taken in the District are that the Committee made payments to persons and entities in the
District for advertising, raised funds from and communicated with District residents, and
displayed Mr. Bigelow's photograph on various websites and in an "email blast."  These
allegations are insufficient for the same reasons already discussed, namely that they are not
connected to the claim for copyright infringement.  See, e.g., Shaheen v. Smith, 994 F. Supp. at

83 (holding that the plaintiff in a copyright infringement action failed to show that the tortious act occurred in the District for purposes of Section 13-423(a)(3) where "nothing in the plaintiff's Response or Complaint demonstrates that the defendants' website was created, is maintained, or has its servers in Washington, D.C."); Hourani v. Psybersolutions LLC, 164 F. Supp. 3d 128, 139 (D.D.C. 2016), aff'd 690 F. App'x 1 (D.C. Cir. 2017); Malibu Media, LLC v. Doe, 45 F. Supp. 3d 106, 109-10 (D.D.C. 2014).

### 3. D.C. Code § 13-423(a)(4)

Section 13-423(a)(4) permits the exercise of specific jurisdiction over a person causing tortious injury in the District of Columbia by an act or omission committed outside the District of Columbia if the person "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from . . . services rendered" in the District. D.C. Code § 13-423(a)(4). "The drafters of [the long-arm statute] apparently intended that the (a)(4) subsection would not occupy all of the constitutionally available space." Forras v. Rauf, 812 F.3d at 1107 (citation omitted). Section 13-423(a)(4) requires both an injury inside the District, and that "the defendant engages in some persistent course of conduct or derives substantial revenue from the District." Id. at 1107-08 (citing Moncrief v. Lexington Herald-Leader Co., 807 F.2d 217, 221 (D.C. Cir. 1986)). Here, Mr. Bigelow's allegations that the defendants raised funds from donors in the District and communicated with District residents are insufficient to show that the defendants solicited business, engaged in any persistent course of

conduct, or derived substantial revenue from any activity conducted in the District for purposes of Section 13-423(a)(4). See Shaheen v. Smith, 994 F. Supp. 2d at 84-86.[6]

Because the Court concludes that the jurisdictional allegations are insufficient to warrant the exercise of either general or specific jurisdiction over Mr. Garrett and the Committee, the Court concludes that the defendants are not subject to personal jurisdiction in the District of Columbia.

### C. Plaintiff's Request for Jurisdictional Discovery

Mr. Bigelow requests jurisdictional discovery to "provide a more complete factual record on which the adjudication of defendant's motion to dismiss can be based." MTD Opp. at 5; see Stay Mot. at 4-8. Such jurisdictional discovery lies within the district court's discretion. FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d at 1093. Jurisdictional discovery is justified if a party makes a "detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce." United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 130 n.16 (D.D.C. 2000). Jurisdictional discovery is not appropriate, however, "in the absence of some specific indication regarding what facts additional discovery could produce." Toumazou v. Turkish Republic of N. Cyprus, 71 F. Supp. 3d at 18 (citation omitted); see also FC Inv. Group LC v. IFX Mkts., Ltd., 529 F.3d at 1093-94 (holding that "mere conjecture or speculation" is not enough to justify jurisdictional discovery); Estate of Klieman v. Palestinian Auth., 82 F. Supp.

---

[6]        Given that the parties do not address where a "tortious injury" occurs for purposes of establishing personal jurisdiction under Sections 13-423(a)(3) and (a)(4) in a copyright infringement action, the Court does not address the issue here. See, e.g., AF Holdings, LLC v. Does 1-1058, 752 F.3d 990, 996 (D.C. Cir. 2014) (holding that "the only conceivable way that personal jurisdiction might properly be exercised over these Doe defendants is if they are residents of the District of Columbia or at least downloaded the copyrighted work in the District").

3d at 249 (holding that the plaintiff must demonstrate "with plausible factual support amounting to more than speculation or conclusory statements that discovery will uncover sufficient evidence" to demonstrate personal jurisdiction) (citation omitted).

Mr. Bigelow seeks to conduct discovery relating to the following topics: (i) the recipients of an "email blast" that displayed Mr. Bigelow's copyrighted photograph; (ii) the solicitations that may have prompted residents of the District to contribute at least $5,700 to the Garrett campaign; (iii) the recipients of advertisements displaying Mr. Bigelow's photograph on Facebook, YouTube, their own website and other outlets; (iv) Mr. Garrett's contacts with the National Republican Congressional Committee and the Republican National Committee in the District; and (v) defendants' payment of one-third of their total expenditures to entities located within the District of Columbia for media advertising, fundraising, and direct mail services. Stay Mot. at 5-7. According to Mr. Bigelow, the requested discovery will confirm that the defendants were "doing business" in the District and the commission of the alleged copyright infringement occurred in the District.

Not so. Even if Mr. Bigelow were to obtain such evidence through additional discovery, he would be unable to meet the burden of showing either general or specific jurisdiction. To be sure, the requested discovery might establish that Mr. Garrett and the Committee distributed Mr. Bigelow's photograph within the District of Columbia. As discussed previously, however, mere distribution of the photograph through websites accessible to District residents is insufficient absent allegations that, inter alia, the residents used the website in a "continuous and systematic" way. See FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d at 1092. With respect to Mr. Bigelow's contention that jurisdictional discovery may confirm that "defendants' extensive infringing uses of plaintiff's copyrighted photo were actually created and

16

disseminated by professionals based in the District of Columbia," Norwick Decl. ¶ 7, it is

established that mere communication with residents of the District is not sufficient.  See FC Inv.

Group LC v. IFX Mkts., Ltd., 479 F. Supp. 2d 30, 39 (D.D.C. 2007) (holding that regular phone

calls into the District from elsewhere do not constitute transacting business in the District of

Columbia), aff'd 529 F.3d 1087 (D.C. Cir. 2008).  Because Mr. Bigelow's requested discovery

will not aid in establishing personal jurisdiction over the defendants, it is inappropriate to subject

the defendants to the burden and expense of jurisdictional discovery.  See Estate of Klieman v.

Palestinian Auth., 82 F. Supp. 3d at 249-50 (denying request for jurisdictional discovery where

requested discovery would not enable the plaintiffs to meet their burden of showing either

general or specific personal jurisdiction).  Mr. Bigelow's request for jurisdictional discovery

therefore is denied.

### III.  MOTION TO TRANSFER VENUE

As an alternative to outright dismissal, Mr. Garrett and the Committee ask the

Court to transfer this action to the United States District Court for the Western District of

Virginia pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) deals with situations in which venue

or personal jurisdiction is proper in the district court where the action was originally filed and

addresses whether the court should retain or transfer the case.  See 15 CHARLES ALAN WRIGHT,

ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 3842 (4th ed.

2017).  Section 1406(a), on the other hand, addresses whether transfer or dismissal is the

appropriate action when venue or personal jurisdiction is found to be improper.  See id.  In this

case, the Court has concluded that it lacks personal jurisdiction over the defendants, making

Section 1406(a) the transfer provision that is applicable here.  See Novak-Canzeri v. Saud, 864

F. Supp. 203, 208 n.2 (D.D.C. 1994). Consequently, the Court will treat the defendants' motion

to transfer filed under 28 U.S.C. § 1404(a) as one brought instead under 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1406(a), district courts have authority to transfer a case

"laying venue in the wrong division or district" to "any district or division in which it could have

been brought," if such a transfer would be "in the interest of justice." The decision whether a

transfer under Section 1406(a) is in the "interest of justice" rests "within the sound discretion of

the district court." Freedman v. Suntrust Banks, Inc., 139 F. Supp. 3d 271, 276-77 (D.D.C.

2015) (quoting Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)). Transfer

is appropriate "when procedural obstacles [such as lack of personal jurisdiction] impede an

expeditious and orderly adjudication on the merits." Freedman v. Suntrust Banks, Inc., 139 F.

Supp. 3d at 277 (quoting Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983)). To

transfer an action under Section 1406(a), the transferor court must find that: (1) the transferor

court is a "wrong" venue; (2) the case "could have been brought" in the transferee court; and

(3) transfer to the transferee court would be "in the interest of justice." Freedman v. SunTrust

Banks, Inc., 139 F. Supp. 3d at 283.

The first element of a transfer under 28 U.S.C. § 1406(a) requires that the

transferor court is a wrong venue. Whether venue is "wrong" under Section 1406(a) "depends

exclusively on whether the court in which the case was brought satisfies the requirements of

federal venue laws." Freedman v. SunTrust Banks, Inc., 139 F. Supp. 3d at 283 (quoting Atl.

Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 577 (2013)). The

applicable federal venue law for copyright infringement actions is 28 U.S.C. § 1400(a), which

provides that copyright actions "may be instituted in the district in which the defendant or his

agent resides or may be found." The term "may be found" as used in Section 1400(a) has been

interpreted to mean that the defendant is subject to personal jurisdiction in the given forum.  See

AF Holdings, LLC v. Does 1-1058, 752 F.3d at 996 ("the propriety of venue [under 28 U.S.C.

§ 1400] turns on whether the defendant is subject to personal jurisdiction").  A corporate

defendant or other entity with the capacity to be sued is deemed to reside in "any judicial district

in which such defendant is subject to the court's personal jurisdiction with respect to the civil

action in question . . . ."  28 U.S.C. § 1391(c)(2).  A corporate defendant is "deemed to reside in

any [judicial] district" in which the defendant "is subject to personal jurisdiction at the time an

action is commenced . . . ."  28 U.S.C. § 1391(d).  An individual defendant is deemed to reside in

the judicial district in which the person is domiciled.  28 U.S.C. § 1391(c)(1).

        Here, the defendants do not "reside" in the District of Columbia for purposes of

28 U.S.C. § 1400(a); Mr. Garrett is a resident of Buckingham, Virginia, and the Committee's

principal place of business is in Ruckersville, Virginia.  MTD at 2; Woodfin Decl. ¶¶ 4-5.  For

the reasons discussed supra at 6-15, neither defendant is subject to personal jurisdiction in the

District of Columbia.  The District of Columbia is thus a "wrong" venue under 28 U.S.C.

§ 1400(a).

        The second element required for transfer under 28 U.S.C. § 1406(a) is that the

action could have been brought in the proposed transferee court.  It appears that the requirements

of venue and personal jurisdiction would be satisfied in the Western District of Virginia, given

that Mr. Garrett resides in the Western District of Virginia, the Committee's principal place of

business is in the Western District of Virginia, and both defendants are alleged to have

committed a tortious act by infringing a copyright in the Western District of Virginia.  See, e.g.,

Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 609-10 (E.D. Va. 2002) (determining

that the Virginia long-arm statute extends personal jurisdiction over any individual who solicits

business, engages in any other persistent course of conduct, or derives substantial revenue in

Virginia).  Accordingly, this case could have been brought in the Western District of Virginia.

The final element of a transfer under 28 U.S.C. § 1406(a) requires that transfer

will serve the interest of justice.  In deciding whether to dismiss a case or instead to transfer it,

courts consider, inter alia, whether transfer would prejudice the defendants' position on the

merits and whether transfer would save the plaintiff the time and expense of refiling in a new

district.  See Fam v. Bank of Am. NA (USA), 236 F. Supp. 3d 397, 408-09 (D.D.C. 2017);

Janvey v. Proskauer Rose, LLP, 59 F. Supp. 3d 1, 7 (D.D.C. 2014).  Here, the Court concludes

that the interest of justice will be served by transferring the case rather than dismissing it.

Transfer "will save the parties the time and expense of refiling this lawsuit in a different district."

Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. at 50.  It also appears that the majority

of the relevant evidence and witnesses, including former and current employees familiar with the

Committee's marketing materials, and "all documents and other data related to the design and

use of campaign materials" are located in Virginia.  MTD at 11-12.  In addition, the defendants

would not be prejudiced by a transfer to the district where they reside, where they conducted

their business, or where the alleged acts or omissions giving rise to the liability occurred.  The

Court in its discretion therefore finds that the interest of justice will be served by transferring this

case to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C.

§ 1406(a).

IV.  CONCLUSION

For the reasons set forth in this Opinion, the Court concludes that it lacks personal

jurisdiction over the defendants and that the interest of justice will be served by transferring this

action.  The Court therefore will grant the defendants' Motion [Dkt. No. 6] to Dismiss for Lack

of Personal Jurisdiction Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in

the Alternative, to Transfer Venue to the United States District Court for the Western District of

Virginia Pursuant to 28 U.S.C. § 1404(a).  This action will be transferred pursuant to 28 U.S.C.

§ 1406(a) to the United States District Court for the Western District of Virginia.  With regard to

Mr. Bigelow's Motion [Dkt. No. 8] to Disqualify Christopher M. Woodfin as Counsel for

Defendants, Stay Defendants' Motion to Dismiss or Transfer, and Order Jurisdictional

Discovery, the Court will deny the motion without prejudice to his filing a motion after transfer

seeking to disqualify Mr. Woodfin or requesting jurisdictional discovery.  An Order consistent

with this Opinion shall issue this same day.

        SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 13, 2018