CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/28/2018

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TODD BIGELOW,<br><br>                          *Plaintiff*,<br>v.<br><br>TOM GARRETT AND TOM GARRETT FOR CONGRESS,<br><br>                          *Defendants.* | CASE NO. 6:18-cv-00039<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      This is a copyright infringement case brought by a photographer against a congressman and his campaign for the alleged use of a copyrighted photograph on the congressman's campaign website. The photographer is Todd Bigelow. The congressman is Tom Garrett. The campaign is Tom Garrett for Congress. The latter two have moved to dismiss the complaint based on the defense of fair use. Because adjudicating defenses at the pleading stage is generally disfavored, and because additional facts beyond the complaint are necessary to resolve this particular defense, the motion will be denied.

      A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has stated a claim. The Court must take all facts and reasonable inferences in favor of the plaintiff, disregard any legal conclusions, and not credit any formulaic recitations of the elements. *See Iqbal v. Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

      Todd Bigelow (Plaintiff) is an accomplished photographer and photojournalist. (Complaint ¶ 1). He "has created numerous acclaimed photographs of persons seeking to gain entry into the United States, including by climbing a (previously constructed) wall on the border between the United States and Mexico." (*Id*. ¶ 5). One such photo is at issue here. It depicts

four people scaling a rusty metal wall.  The U.S. Copyright Office issued registration number VA 1-964-979 to this photo.  (*Id*.).

During his 2016 campaign for Congress, Garrett "helped himself to the Photo and essentially made it the hallmark of that campaign, using it for numerous purposes including fundraising."  (Complaint ¶ 6).  For example, the photo was posted on Garrett's campaign website, with a headline "Latest Terror Attacks Are Evience of DHS' Inability to Vet Refugees" and overlaid footer text stating:

**Tom Garrett's "E.N.D. Illegal Immigration" Plan**

<u>E</u>rect Southern Border Wall | <u>N</u>o Amnesty/Benefits | <u>D</u>efund Sanctuary Cities

Plaintiff did not give Garrett's campaign permission to use the photo.  (Complaint ¶ 6).  Plaintiff alleges "the defendants" continued to use and display the photo long after they were informed their use of it was unauthorized and unlawful.  (*Id*. ¶ 7).  Plaintiff does not support Garrett or his policies.  Plaintiff claims he suffered injuries as a result of the implication that he authorized use of the photo by a politician he does not support, thus causing him reputational harm.  (*See id*. ¶ 10).

\*

A brief remark about Plaintiff's opposition to the motion is in order.  The following statements are drawn directly from Plaintiff's brief, the opening line of which calls Defendants' motion "utterly baseless":

- "[T]his entire motion is ludicrous on its face."  (Dkt. 34 at 7).

- "Defendants' brief is pervasively infected by its glib *ipse dixit* . . ."  (*Id*. at 9; *see also id*. at 8 (implying Defendants are relying on "invented facts").

- "Rhetorical question:  Is it even remotely possible that these defendants (and their counsel) do not understand that when professional photographers (like plaintiff) take photos, their purpose is to create a work that they can earn money from . . . ?"  (*Id*. at 12).

- Defendants possess "deplorable cynicism and disrespect for the law and the legal rights of others." (*Id*. at 17).

Comments like these are inappropriate.[1] Adjectival remarks or talismanic attacks on an opposing party, its arguments, or its attorneys do nothing to advance a litigant's cause or the Court's understanding of the legal issues presented. The motion will be denied for the reasons set forth below, but it should not have drawn remarks like those listed above. A party gains little from derogatorily labeling an opponent's brief. If accurate, the frivolity of the motion would be self-evident, and thus rhetoric is unnecessary. And if (as is typically the case) the accusations are overblown, credibility is lost and nothing is gained. Here, Defendants lodged a good-faith, albeit unsuccessful, motion. The Court now turns to the reasons for that lack of success.

\*     \*

By statute, the "fair use" of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research[] is not infringement of copyright." 17 U.S.C. § 107. Four non-exhaustive factors must be considered: (1) the purpose and character of the use, including its commercial nature; (2) the nature of the copyrighted work; (3) how much of the copyrighted work was used when compared to it as a whole, and; (4) the effect of the use upon the potential market for or value of the work. *Id*.

Fair use is a defense. *Bouchat v. Baltimore Ravens Ltd. P'ship*, 737 F.3d 932, 937 (4th Cir. 2013), *as amended* (Jan. 14, 2014) (*Bouchat V*); *Bouchat v. Baltimore Ravens Ltd. P'ship*, 619 F.3d 301, 307 (4th Cir. 2010) (*Bouchat IV*). Defenses are rarely appropriate for resolution through a Rule 12(b)(6) motion. *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 851 (4th Cir.

---

[1] The Court notes that Plaintiff's brief was signed by *pro hac vice* counsel. *See Belue v. Leventhal*, 640 F.3d 567, 577 (4th Cir. 2011) (addressing authority of district court to manage attorneys appearing before it).

– 3 –

2016); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *see* Wright and Miller, 5 *Fed. Prac. & Proc. Civ.* § 1277 (3d ed. Westlaw). In essence, a plaintiff must unwittingly plead facts on the face of his complaint that support the elements of the defense. *Goodman*, 494 F.3d at 464. This Bigelow has not done. What's more, the fair use defense is inherently fact-specific: It is "not to be simplified with bright-line rules" and is an "equitable rule of reason, for which no generally applicable definition is possible"; instead, it "calls for case-by-case analysis" of factors that are "weighed together" and "not to be treated in isolation." *Bouchat IV*, 619 F.3d at 308.

Take the first factor, which considers whether a use was transformative and serves a commercial nature. *Bouchat V*, 737 F.3d at 946. Defendants rely on *their* gloss of the photo depicted in the complaint, stating that they transformed it from a mere historical depiction of a border crossing into a political stance on illegal immigration. But the Court at this stage views the facts in the light most favorable to Bigelow, and Defendants' use of the photo still conveys, and is meant to convey, what it always conveyed: A crossing at the U.S./Mexico border. Presumably, that is precisely why Defendants selected the photo—a picture of say, a mountaintop, would be meaningless as part of an anti-immigration stance. *See Bouchat IV*, 619 F.3d at 309 (capturing copyrighted logo in part of football team's highlight filmed was not transformative because new meaning of logo was not created; "Simply filming football games that include the copyrighted logo does not transform the purpose behind the logo's use."); *see id*. at 310 (approvingly citing authority from Second Circuit). As for the commercial nature, the complaint plainly alleges that the photo was used for fundraising purposes. (Complaint ¶ 6; *see Vanderhye v. iParadigms*, LLC, 562 F.3d 630, 638 (4th Cir. 2009) (observing importance of "whether the user stands to profit from exploitation of the copyrighted material without paying the customary price")).

Consider also the fourth factor, effect on the potential market for or value of the work. A court must examine whether Defendants' use "materially impair[s] the marketability of the work and whether it would act as a market substitute for it." *Bouchat V*, 737 F.3d at 949. The complaint does not contain the kinds of detailed economic analysis or market facts needed to pass upon this question. *See*, *e.g.*, *Vanderhye*, 563 F.3d at 644 (considering realities of market for student-written essays based on post-discovery evidence, such as depositions). That is not unusual, since plaintiffs generally avoid pleading the defense's case for it.[2]

At bottom, the viability of the fair use defense turns on facts and inferences beyond the complaint. The issue thus must proceed at least to discovery before resolution, as is customary in this circuit. *E.g.*, *Bouchat V*, 737 F.3d at 936 (deciding fair use on summary judgment); *Vanderhye*, 562 F.3d at 634 (same); *Bouchat IV*, 619 F.3d at 307 (same, after bench trial).

\* \* \*

As a backstop, Garrett argues the complaint contains insufficient facts to state a claim of infringement against him. Copyright infringement has two elements: (1) ownership of a valid copyright; and (2) the defendant's copying of constituent elements of the work that are original. *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 600 (4th Cir. 2013). Garrett contests the second element, asserting "the Complaint says virtually nothing else about him or identify [*sic*] his role, if any, in the alleged infringement." (Dkt. 30 at 18). Although sparse, the complaint alleges that "[d]uring his 2016 campaign for Congress, Garrett— at least in part through the Committee—helped himself to the Photo and essentially made it the

---

[2] The third factor—"the amount and substantiality of the portion used in relation to the copyrighted work as a whole"—does appear on the face of the complaint, but it does not aid Defendants. "Generally speaking, as the amount of the copyrighted material that is used increases, the likelihood that the use will constitute a 'fair use' decreases." *Vanderhye*, 562 F.3d at 642. Most if not all of the photo was used by Defendants.

trademark of that campaign." (Complaint ¶ 6). This allegation (combined with the fact that the photo appeared on Garrett's own campaign website in substantially similar form to the original) is sufficient to infer, at this early stage, that Garrett played some role in copying the photo. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 537 (4th Cir. 2015); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001) ("When the plaintiff possesses no direct evidence that the defendant copied its protected work, it may create a presumption of copying by indirect evidence establishing that the defendant had access to the copyrighted work and that the defendant's work is 'substantially similar' to the protected material."); *M. Kramer Mfg. Co. v. Andrews,* 783 F.2d 421, 445-46 (4th Cir. 1986) (finding "compelling substantial direct evidence of copying" in that "[t]he similarities between the two [works] . . . are so striking that no other conclusion is possible"). Accordingly, Plaintiff has alleged sufficient facts at this stage to state a claim of copyright infringement.

For the foregoing reasons, the motion to dismiss will be denied. An appropriate order will issue.

Entered this  28th  day of August, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE