IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

TODD BIGELOW, )
)
    Plaintiff, )
)
v. ) Civil Action No. 6:18CIV00039
)
TOM GARRETT AND )
TOM GARRETT FOR CONGRESS, )
)
    Defendants. )

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
AN ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE

    Plaintiff Todd Bigelow respectfully submits this Memorandum in support of his motion for an Order pursuant to Rule 41(a)((2) of the FRCP dismissing this action without prejudice. The Declaration of Kenneth P. Norwick submitted herewith sets forth the context and background underlying this motion and the Court is respectfully referred to that Declaration for its contents.

    As here relevant, Rule 41(a)(2) provides: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

    The Fourth Circuit has explained the purpose of the Rule as follows:

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. [Citations omitted] To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice

to the defendants which may otherwise result from dismissal without prejudice. In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant. [Citations omitted]

Davis v. USX Corporation, 819 F.2d 1270, 1273 (4th Cir. 1987).

Similarly, the Second Circuit has put it this way:

When a plaintiff decides that its case is no longer worth litigating, it is efficient to incentivize that party to dismiss its case (on terms that will not prejudice the defendant), rather than remain in court, wasting our resources and those of the opposing party.

Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 109 (2d Cir. 2018)[1].

This Court, in Blanzy v. Griffin Pipe Products Co., Inc., 2012 U.S. Dist. LEXIS 42293, *5-6 (W.D.Va. 2012), addressed the purpose of Rule 41(a)(2) and what is required for the motion to be denied. The Court declared:

Once a defendant has served an answer, as is the case here, a voluntary dismissal sought by the plaintiff may be granted "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of this rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." [Citations omitted] . . . ("A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent *substantial* prejudice to the defendant.") [emphasis in quoted passage] Whether a motion for voluntary dismis-sal without prejudice should be granted is a decision committed to the discretion of the district court. . . . In considering such a motion, the district court "must focus primarily on protecting the interests of the defendant," and it may impose conditions on dismissal toward that end. . . .

This Court, in Blanzy, granted the motion, noting that "a plaintiff's loss of a tactical advantage, a defendant's loss of certain affirmative defenses, or a defendant's inconvenience at

---

[1] The Second Circuit ruled there that the district court could not impose conditions on the dismissal without affording the plaintiff an opportunity to reject those conditions: "There is little benefit to anyone if an unwilling plaintiff refrains from filing a Rule 41 motion simply because it fears that the conditions imposed on a grant of dismissal might be more costly to it than continuing the litigation, and it has no opportunity to find out what those terms might be without becoming bound to them." Ibid.

having to defend against a second lawsuit, even if the second suit is in a different venue, do not rise to the level of prejudice so as to bar a voluntary dismissal," and that the timing of the motion – including the fact that, as here, no depositions had been taken – further supported granting the motion. (On that issue, the Court discussed cases where the timing of the motion was found not to preclude the granting of the motion and where the timing did preclude that relief.)

Because, as <u>Blanzy</u> confirms, the granting of the motion is within the Court's discretion, and because plaintiff here has indicated that, although not requested, it would accept dismissal wish prejudice if conditioned on a modest payment from defendants to plaintiff, we invite the Court to consider that possibility in lieu of dismissal without prejudice.

## CONCLUSION

For the reasons set forth above, and in the Declaration submitted herewith, the motion for dismissal without prejudice should be granted and the Court is invited to also consider dismissal with prejudice as suggested by plaintiff.

Dated: September 30, 2019

Respectfully submitted,

/s/ [signature]
Kenneth P. Norwick
Norwick & Schad
110 East 59th Street
New York, NY 10022
Phone: (212)751-4440
Fax: (212) 604-9997
ken@norwickschad.com